UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CECILIA N. LUGO and JHOAN A. VASQUEZ MAR-
TINEZ,

Plaintiffs,

-against-                                                                26-cv-1653 (LAK)


JULIO C. RODRIGUEZ, RYDER TRUCK RENTAL INC.,
and SAMUEL TAVERAS-TINEO,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/04/2026

## MEMORANDUM AND ORDER REMANDING ACTION

LEWIS A. KAPLAN, *District Judge.*

Defendants Rodriguez and Ryder purport to have removed this action from New York Supreme Court, Kings County. They assert subject matter jurisdiction solely on the basis of supplemental jurisdiction and 28 U.S.C. § 1367. Their theory is that this action arises out of a 2024 motor vehicle accident in Brooklyn, that accident is a subject of another personal injury case originally brought in Supreme Court, Bronx County, that was removed to this Court, and that removal of this case is proper because the Bronx County case was removed to this Court and remains here. This theory is beyond flawed.

First, insofar as is relevant here, a case pending in state court may be removed to federal only where the parties in that case are of completely diverse citizenship and the matter of controversy requirement is satisfied. The removal statute does not permit removal of a case from state court simply because that facts at issue in that case may overlap with those in a different case

2

properly pending in federal court. There is nothing in 28 U.S.C. § 1441 that remotely supports the notion that removal is appropriate if the claims asserted in the state court case that is sought to be removed would have been within the supplemental jurisdiction of a federal court had those claims been asserted in the federal action.

Second, Section 1367 is not at all to the contrary. True, the first sentence of Section 1367(a) does provide in part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." That of course refers only to "all other claims" in an "action of which the district courts have original jurisdiction" – not some other action pending in a separate case in a state court. And while the very next sentence of Section 1367(a) states that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties," thus contemplating that parties may be added to the action of which the federal court has original jurisdiction, the manner in which that may occur – notably, third party practice and intervention – does not include removal of an entirely separate action. Indeed, "[t]he supplemental jurisdiction statute does not provide a basis for original jurisdiction over actions; it merely allows courts to hear additional claims in an action where there is an independent basis for original subject-matter jurisdiction." *Allstate Ins. Co. v. Electrolux Home Prods., Inc.,* No. 16-cv-58 (LLS), 2016 WL 3561796, at *1 (S.D.N.Y. Jan. 8, 2016); *Jeanty v. Utica Police Dep't,* Nos. 6:20-cv-00221 (BKS/TWD), 6:20-cv-00756 (BKS/TWD), 2021 WL 1055153, at *4 (N.D.N.Y. Mar. 19, 2021); *Raghavendra v. Stober,* No. 11-cv-9251 (PAC) (HBP), 2012 WL2324481, at *7-8 (S.D.N.Y. May 21, 2012) (collecting cases), *report and recommendation adopted,* 2012 WL 2334538 (S.D.N.Y. June 18, 2012).

3

Third, the cases cited by Rodriguez and Ryder simply do not support the Rodriguez-Ryder contention.

Fourth, the notice of removal makes entirely clear that Rodriguez and Ryder received the initial pleading in this action many months ago – far in excess of the 30 day time limit for removal set out in 28 U.S.C. § 1446(b)(1). And they were well aware of the former Bronx County action based on the same accident long before that, as they have been litigating it in this Court since they removed it from Bronx County in February 2025. This purported removal was untimely.

Fifth, when, as here, an action is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A). But there is no suggestion that defendant Taveras-Tineo has not been served, that he was not properly joined, or that he has joined in or consented to the removal.

Sixth, it is not even clear that the Court has subject matter jurisdiction over the former Bronx County action, though that has not yet been determined and is not relied upon here.

This action is remanded to the Supreme Court of the State of New York, Kings County.

SO ORDERED.

Dated:      March 4, 2026

_____
Lewis A. Kaplan
United States District Judge